IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ERICA HEJNAR, | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| | : | NO. 05-1565 |
| v. | : | |
| | : | |
| FOUR JOHN DOE OFFICERS, AND | : | |
| CITY OF PHILADELPHIA, | : | |
| DEFENDANTS. | : | |
| | : | |

### DEFENDANT CITY OF PHILADELPHIA'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant City of Philadelphia, through undersigned counsel, hereby responds to Plaintiff's complaint as follows.

### JURISDICTION AND VENUE

1. Admitted, as to jurisdiction only.

2. Admitted, as to venue only.

### COMPLAINT

3. Admitted, upon information and belief.

4.-7. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

8. Admitted.

## BACKGROUND

9. Denied as stated. It is averred that Plaintiff and Catherine Pennypacker were in the area of Kensington Avenue and Front Streets on September 3, 2003, around approximately 7 p.m. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. They are therefore denied.

10. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

11. Denied. These allegations are denied as untrue, inaccurate and misleading.

12.-13. Denied as stated. It is admitted only that a frisk of Plaintiff and Pennypacker was conducted and that at least one female officer responded to the scene for that purpose. The City is without sufficient information to form a belief as to the truth of the remaining allegations. They are therefore denied.

14. Admitted in part, denied in part. It is admitted only that Plaintiff and Pennypacker were handcuffed and taken to the 26th District. All other allegations are denied as untrue, inaccurate and misleading.

15.-16. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

17. Admitted in part, denied in part. It is admitted that a female police officer searched the clothing of Plaintiff and Pennypacker at the precinct and that no contraband was found. All other allegations are denied as These allegations are denied as untrue, inaccurate and misleading.

18.-28. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied. In addition, to the extent these paragraphs contain allegations regarding the actions of Plaintiff and Pennypacker the City has no knowledge or means of ascertaining the truth or falsity of the allegations and the same are accordingly denied.

29. Denied. These allegations are denied as untrue, inaccurate and misleading.

30. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

31.-33. Denied. Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings

and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

34. Admitted in part, denied in part. It is admitted that Plaintiff gave a statement in the presence of her attorney to Lt. Swierczewski on October 6, 2003. All other allegations are denied.

35.-36. Admitted.

37. Admitted in part, denied in part. It is admitted only that the Philadelphia Police Department and the City of Philadelphia Law Department have declined to provide the name of the identified officer because the IAD investigation is still ongoing. All other allegations are denied.

38. Admitted in part, denied in part. All allegations pertaining to the District Attorney's Office are denied as the City has no knowledge regarding the District Attorney's investigation. The remaining allegations are admitted.

## COUNT I – VIOLATION OF 42 U.S.C. § 1983
## PLAINTIFF V. JOHN DOES 1, 2 AND 3

39. Answering Defendant incorporates by reference its answers to paragraphs 1 through 38, inclusive, as though fully set forth here at length.

40.-50. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

**WHEREFORE**, the City of Philadelphia denies liability on the cause of action declared herein.

### COUNT II, VIOLATION OF 42 U.S.C. § 1983
### PLAINTIFF V. OFFICER JOHN DOE 4

51. Answering Defendant incorporates by reference its answers to paragraphs 1 through 50, inclusive, as though fully set forth here at length.

52.-62. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

**WHEREFORE**, the City of Philadelphia denies liability on the cause of action declared herein.

### COUNT III, SEXUAL ASSAULT
### PLAINTIFF V. JOHN DOE 4

63. Answering Defendant incorporates by reference its answers to paragraphs 1 through 62, inclusive, as though fully set forth here at length.

64.-69. The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals. Therefore, no further answer is required. To the extent a response is required, these allegations are denied.

**WHEREFORE**, the City of Philadelphia denies liability on the cause of action declared herein.

### COUNT IV, SEXUAL BATTERY
### PLAINTIFF V. JOHN DOE 4

70.　Answering Defendant incorporates by reference its answers to paragraphs 1 through 69, inclusive, as though fully set forth here at length.

71.-76.　The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals.  Therefore, no further answer is required.  To the extent a response is required, these allegations are denied.

**WHEREFORE**, the City of Philadelphia denies liability on the cause of action declared herein.

### COUNT V, IIED
### PLAINTIFF V. JOHN DOE 4

77.　Answering Defendant incorporates by reference its answers to paragraphs 1 through 76, inclusive, as though fully set forth here at length.

78.-84.　The allegations contained in these paragraphs do not require a response as they are addressed to John Does who are fictitious individuals.  Therefore, no further answer is required.  To the extent a response is required, these allegations are denied.

**WHEREFORE**, the City of Philadelphia denies liability on the cause of action declared herein.

### COUNT VI, VIOLATION OF 42 U.S.C. § 1983
### PLAINTIFF V. CITY OF PHILADELPHIA

85. Answering Defendant incorporates by reference its answers to paragraphs 1 through 84, inclusive, as though fully set forth here at length.

86.-89. Denied. These allegations are denied as untrue, inaccurate and misleading.

**WHEREFORE**, the City of Philadelphia denies liability on the cause of action declared herein.

### AFFIRMATIVE DEFENSES

1.  It is averred that plaintiff has failed to state a claim under 42 U.S.C. §1983 upon which relief can be granted as the same relates to the Answering Defendant.

2.  The Answering Defendant asserts all of the defenses, immunities, and limitations of damages available to her under the "Political Subdivision Tort Claims Act", and avers that the Plaintiffs' remedies are limited exclusively thereto. Act of Oct. 5, 1980, No. 142, P. L. 693, 42 Pa. C.S.A. §8541 et seq.

WHEREFORE, the Defendant denies that she is liable upon all of the causes of action declared upon, and demands judgment in her favor plus interest and costs.

Date:  October 3, 2005                              Respectfully submitted,


                                                    _____
                                                    Michele L.P. Dean
                                                    Assistant City Solicitor
                                                    City of Philadelphia Law Dept.
                                                    1515 Arch Street, 14th Floor
                                                    Philadelphia, PA 19102-1595
                                                    215-683-5445 ▪ (fax) 215-683-5397

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ERICA HEJNAR, | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| | : | NO. 05-1565 |
| v. | : | |
| | : | |
| FOUR JOHN DOE OFFICERS, AND | : | |
| CITY OF PHILADELPHIA, | : | |
| DEFENDANTS. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of Defendant City of Philadelphia's Answer to Plaintiff's Complaint was electronically filed and is available for viewing and downloading from the ECF system.

A copy was also served upon the following individuals by first class mail, postage prepaid, as follows:

Musa R. Keenheel, Esq.
59 Maplewood Mall
Philadelphia, PA 19144

Date:  October 3, 2005                    Respectfully submitted,


                                          _____
                                          Michele L.P. Dean
                                          Assistant City Solicitor
                                          City of Philadelphia Law Dept.